IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF CASS LAKE, MINNESOTA | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiff, the United States of America ("United States"), by the authority of the Attorney General and at the request and on behalf of the Administrator of the United States Environmental Protection Agency ("U.S. EPA"), alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action brought pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, ("CERCLA"), 42 U.S.C. §§ 9607(a), against Defendant City of Cass Lake ("Cass Lake") for the recovery of response costs incurred and to be incurred by the United States in connection with the St. Regis Paper Company Superfund Site ("Site") in Cass Lake, Minnesota. The complaint also seeks a declaratory judgment, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), on liability that will be binding in future actions to recover further costs incurred at or in connection with the Site.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 9607(a) and 9613(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and 42 U.S.C. § 9613(b) because the claims arose and the releases or threatened releases of hazardous substances occurred in this District.

## THE DEFENDANT

4. Defendant Cass Lake is a municipality within the State of Minnesota.

5. Defendant Cass Lake acquired certain Site properties from Champion International Corporation ("Champion International") before Champion International merged with International Paper Company. In addition, Defendant Cass Lake owned and operated the former municipal dump ("City Dump"), which accepted disposal of hazardous substances from the St. Regis Paper Company during the period of wood treatment operations.

6. Defendant Cass Lake is a "person" within the meaning and scope of CERCLA Section 101(21), 42 U.S.C. § 9601(21).

## GENERAL ALLEGATIONS

**A.  The Site**

7. The St. Regis Paper Company Superfund Site ("Site") is comprised of approximately 163 acres, located at Sections 15 and 16, Township 145N, Range 31W, in Cass Lake, Minnesota. The Site is located in a mixed-use industrial, commercial, and residential area, and is fully within the boundaries of the federally designated reservation of the Leech Lake Band of the Ojibwe Tribe. The Site includes, but is not limited to, soil and groundwater that has been contaminated as a result of releases of hazardous substances from the facility.

8. From approximately 1957 through 1985, portions of the Site were used for wood treatment and storage activities by the St. Regis Paper Company, a predecessor to International Paper Company.

9. The wood treatment process used by International Paper Company's predecessor at the Site consisted primarily of pressure treating wood with creosote and pentachlorophenol ("PCP"). Dioxins/furans occur as impurities in commercial formulations of PCP.

10. Between 1969 and 1972, ammoniacal copper arsenate was also used in the wood treatment process at the Site. The active ingredients in ACA are copper(II) oxide and arsenic pentoxide.

11. The wood treatment process used at the Site generated process wastewater contaminated with wood treatment agents, including, but not limited to, PCP.

12. Substances discovered on the Site, including dioxin, PCP, and arsenic are "hazardous substances" as defined in CERCLA Section 101(14), 42 U.S.C. § 9601(14), and as listed at 40 C.F.R. Part 302.4.

13. Sludges from the wood treatment operations were disposed of at several areas within the Site, including the City Dump owned by Defendant Cass Lake.

14. Since at least 1957, Defendant Cass Lake "owned" and "operated" the City Dump within the Site. The City Dump is a "landfill" qualifying as a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

15. Until 1976, wastes deposited at the City Dump were periodically burned.

16. On April 22, 1988, Champion International conveyed and quitclaimed to Defendant Cass Lake certain properties within the Site.

B. **Response Actions in Connection with the Site**

17. In September 1984, U.S. EPA listed the Site on CERCLA's National Priorities List. 49 Fed. Reg. 37,070 (Sept. 21, 1984).

18. The Minnesota Pollution Control Agency ("MPCA") was the lead agency that directed response activities at the Site from 1984 until 1995.

19. Since 1995, U.S. EPA has issued administrative orders requiring other potentially responsible parties ("PRPs") to conduct investigation and sampling at the Site, and to remove contaminated soil from properties within the Site. Other PRPs have complied with these orders.

20. Sampling conducted by and at the direction of U.S. EPA determined that soil, surface water, and groundwater at the Site remain contaminated with "hazardous substances" including dioxin, PCP, arsenic, and polynuclear aromatic hydrocarbons ("PAHs"). Numerous properties owned by Defendant Cass Lake within the Site had dioxin and PAH levels in excess of the preliminary remediation goals set by U.S. EPA.

21. Soil sampling conducted in 2001 and 2003 detected dioxin levels up to 7,160 ng/kg (above EPA's screening level) at various locations on the Site, including on properties owned by Defendant Cass Lake.

22. Between 2003 and 2005, U.S. EPA sampling detected values of up to 23 mg/kg of PCP in soil (above EPA's screening level) at the former southwest operations area portion of the Site.

23. In December 2003, U.S. EPA issued a CERCLA Administrative Order for International Paper to perform a removal action on properties owned by Defendant Cass Lake at the Site. International Paper completed the removal action in October 2005.

24. In 2007, U.S. EPA sent Defendant Cass Lake a general notice of potential liability for its ownership and operation of the City Dump.

25. The final Site remedy has not yet been selected. U.S. EPA is currently reviewing (1) risk information gathered regarding the Site between 2003 and 2015; and (2) comments received from the public, responsible parties, other government entities, and other stakeholders to determine the appropriate remedial action for soil. U.S. EPA anticipates selecting the final remedy for Site groundwater issues at a later date.

## **CLAIM FOR RELIEF**
(Liability for Response Costs Under CERCLA Section 107(a))

26. The allegations contained in Paragraphs 1-25 are realleged and incorporated herein by reference.

27. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), as amended, provides in pertinent part that:

> (1) the [current] owner or operator of . . . a facility, [and]
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, ... from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for –
>
> (A) all costs of removal or remedial action incurred by the United States Government ... not inconsistent with the national contingency plan; . . . .

28. Under CERCLA Section 101(9), 42 U.S.C. § 9601(9), a "facility" includes "any building, structure, . . . pit, pond, lagoon, impoundment, ditch, landfill. . ." or "any site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located . . . ."

29. The Site is a "facility" within the meaning and scope of CERCLA Sections 101(9) and 107(a), 42 U.S.C. §§ 9601(9), 9607(a). In addition, there are or were at relevant times, facilities within the Site, including, but not limited to, certain buildings, structures, ponds, lagoons, impoundments, ditches, or landfills.

30. Activities at the Site have resulted in "releases," or the substantial threat of releases, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), of hazardous substances.

31. The actual and threatened releases of hazardous substances from the Site have caused, and will continue to cause, the United States to incur "response costs" within the meaning and scope of CERCLA Sections 101(25) and 107(a), 42 U.S.C. §§ 9601(25) and 9607(a).

32. Defendant Cass Lake is both an "owner" of the Site within the meaning of CERCLA Section 107(a)(1) and/or an "owner or operator" at the time of disposal of hazardous substances within the meaning of CERCLA Section 107(a)(2). 42 U.S.C. § 9607(a)(1)-(2).

33. Defendant Cass Lake is liable under Section 107(a)(1) or (a)(2) of CERCLA, 42 U.S.C. § 9607(a)(1) or (a)(2), for all unreimbursed response costs incurred and to be incurred in responding to releases or substantial threats of releases of hazardous substances at the Site.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States respectfully requests that this Court:

A.   Enter judgment against the Defendant, pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607, as being jointly and severally liable for the United States' past response costs and all response costs that may be incurred in connection with the Site;

B.   Order Defendant to pay all past response costs incurred in conducting response activities in connection with the Site;

C.   Enter a declaratory judgment as to the Defendant's liability that will be binding in future actions to recover response costs incurred in connection with the Site;

D.   Award the costs of this action to the United States; and

E.   Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

*s/Thomas A. Benson*
BONNIE A. COSGROVE
THOMAS A. BENSON (Mass. Bar No. 660308)
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, DC  20044-7611

OF COUNSEL

THOMAS TURNER
Associate Regional Counsel
U.S. Environmental Protection Agency
Region 5
77 W. Jackson Blvd.
Chicago, IL 60604

GREGORY G. BROOKER
Acting United States Attorney
District of Minnesota

FRIEDRICH A. P. SIEKERT
Assistant United States Attorney
MN Attorney ID No. 0142013
District of Minnesota
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600